## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERIC CHEVELLE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.:_____ |
| | ) | |
| vs. | ) | |
| | ) | |
| SECRETARY, DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, DENIS | ) | |
| MCDONOUGH | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC CHEVELLE JONES ("Jones"), by counsel, in his complaint against

Defendant, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, DENIS

MCDONOUGH ("Secretary of Veterans Affairs"), states as follows:

### NATURE OF CLAIM

(1)   This action is brought to redress a deprivation of civil rights and to remedy

discrimination based on race, sex, age, and disability relative to wages, terms, conditions,

privileges of employment, and termination in violation of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. 2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866,

as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981 ("Section 1981"), the Age

Discrimination in Employment Act, as amended, 29 U.S.C. § 623 ("ADEA"), and the Americans

with Disabilities Act of 1990, 42 U.S.C. 12112(a) ("ADA").

(2)  Injunctive and declaratory relief, damages and other appropriate legal and equitable

relief are sought pursuant to 42 U.S.C. 2000e-5(f), (g) and (k), 42 U.S.C. 1981a, 29 U.S.C. § 633,

and 42 U.S.C. 12112(a).

## JURISDICTION AND VENUE

(3)  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a) (3)-(4).

(4)  The unlawful employment practices complained of occurred within Grant County, State of Indiana, therefore, venue is proper in the Northern District of Indiana, Fort Wayne Division.

(5)  The Equal Employment Opportunity Commission Office of Federal Operations issued a Denial of Appeal which provided the right to Jones to file a complaint in the United States District Court. The Denial of Appeal was dated January 24, 2021 and provided thirty (30) days from the date of receipt of the Denial of Appeal in which to file a complaint with the United States District Court.

## PARTIES

(6)  Plaintiff Eric Chevelle Jones ("Jones"), at all times relevant to this action, was a resident of the City of Marion, Grant County, Indiana.  Plaintiff is an African American male over the age of forty (40) with a disability. Jones is also a veteran of the United States Army.

(7)  Defendant Secretary, Department of Veterans Affairs, Denis McDonough ("Secretary of Veterans Affairs") is an agency of the United States Government, whose principal office is believed to be located in Washington, D.C. The Secretary of Veterans Affairs provides services to American Veterans and operates local agencies throughout the United States, one of which is located in in Marion, Indiana and referred to as the Veterans Affairs Northern Indiana Health Care System ("VANIHCS").

BACKGROUND FACTS

(8)  On or about March 9, 2014, Jones began his employment in food service with the VANIHCS. Jones worked as a Food Service Worker (Tray Checker) and his last pay rating was a GS-4. Jones last pay rate was $19.76 per hour. Jones was a parttime employee and worked twenty (20) hours per week. Jones was paid on a biweekly basis. Jones tended to work an average of twenty (20) hours of overtime per week.

(9) During the course of Jones's employment with VANIHCS, Jones's job performance and attendance were either better than or no worse than that of other similarly situated employees who were not of African American descent, who was a female, who was not over the age of forty (40), and who did not have a disability.

(10) Jones suffers from Primary Progressive Multiple Sclerosis. As a result of Jones condition, he experienced severe and continuous muscle contractions, muscle spasms and difficulty when walking daily. Jones condition was diagnosed in October of 2015, after Jones began his employment with VANIHCS. Jones' condition is considered to be a permanent condition. Jones tended to self-medicate himself with the occasional use of marijuana.

(11)  On or about October 25, 2019, Jones was issued a proposed removal by his supervisor that was sustained on November 4, 2019, effective November 13, 2019. The reason cited for Jones' removal was for possession of an illegal drug (marijuana) on VA premises and for failing a  reasonable suspicion drug test. Prior to this incident, Jones had not had any disciplinary actions regarding his work performance or attendance during his five years of employment with the VANIHCS' facility. Also, this was a first-time offense for the use of drugs. To whatever extent Mr. Jones used marijuana, it did not impair Jones' ability to perform his job or abide by the Agency's attendance policy.

(12) VANIHCS has an Employee Assistant Program ("EAP") to which employees can receive "rehabilitation" services for such conditions as drug use. Jones had an appointment with the EAP for November 8, 2019. The VANIHCS knew about Jones' appointment with EAP before terminating Jones' employment. Jones was not provided an opportunity to participate in the EAP. Also, when Jones met with the Director of the facility, the Director did not engage in any interactive process with Jones to assess the nature of Jones' disability, Primary Progressive Multiple Sclerosis, and connection to his self-medication with marijuana, and possible need for an accommodation. In addition, there were lesser penalties to which Jones could have been subjected to other than termination. Other employees involved in such issues as assault in the workplace, were not terminated from their employment.

(13) The VANIHCS applied its employment policies and practices relative to wages, terms, conditions, and privileges of employment, and termination differently based on race, sex, age and disability status.

## FIRST CLAIM FOR RELIEF

(14) Jones repeats and realleges each and every allegation in paragraphs numbered 1 through 13 of this complaint with the same force and effect as if fully set forth herein.

(15) The Secretary of Veterans Affairs' conduct subjected Jones to disparate treatment based on race relative to compensation, terms, conditions, and privileges of employment, and termination in violation of Title VII, as amended and Section 1981 of the Civil Rights Act of 1866, as amended.

(16) The Secretary of Veterans Affairs' conduct was intentional and also reflects malice or reckless disregard for the federal statutory civil rights of Jones.

4

(17) As a result of the Secretary of Veterans Affairs' conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages, unless and until, this Court grants relief.

## SECOND CLAIM FOR RELIEF

(18) Jones repeats and realleges each and every allegation in paragraphs numbered 1 through 13 of this complaint with the same force and effect as if fully set forth herein.

(19) The Secretary of Veterans Affairs' conduct subjected Jones to disparate treatment based on based on sex relative to compensation, terms, conditions, and privileges of employment, and termination in violation of Title VII, as amended.

(20) The Secretary of Veterans Affairs' conduct was intentional and also reflects malice or reckless disregard for the federal statutory civil rights of Jones.

(21) As a result of the Secretary of Veterans Affairs' conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages. unless and until, this Court grants relief.

## THIRD CLAIM FOR RELIEF

(22) Jones repeats and realleges each and every allegation in paragraphs numbered 1 through 13 of this complaint with the same force and effect as if fully set forth herein.

(23) The Secretary of Veterans Affairs' conduct subjected Jones to disparate treatment based on age relative to compensation, terms, conditions, and privileges of employment, and termination in violation of the ADEA, as amended.

(24) The Secretary of Veterans Affairs' conduct was intentional and also reflects malice or reckless disregard for the federal statutory civil rights of Jones.

(25) As a result of the Secretary of Veterans Affairs' conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages, unless and until, this Court grants relief.

## FOURTH CLAIM FOR RELIEF

(26) Jones repeats and realleges each and every allegation in paragraphs numbered 1 through 13 of this complaint with the same force and effect as if fully set forth herein.

(27) The Secretary of Veterans Affairs' conduct subjected Jones to disparate treatment based on disability status and failed to engage in the Interactive Process and to provide his with a reasonable accommodation relative to compensation, terms, conditions, and privileges of employment, and termination in violation of the ADA, as amended.

(28) The Secretary of Veterans Affairs' conduct was intentional and also reflects malice or reckless disregard for the federal statutory civil rights of Jones.

(29) As a result of the Secretary of Veterans Affairs' conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages, unless and until, this Court grants relief.

## PRAYER FOR RELIEF

WHISEFORE, Jones respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of the rights of Jones under provisions of Title VII, Section 1981, the ADEA, and the ADA;

(b) Enjoining and permanently restraining these violations of Jones' rights;

(c) Directing the Secretary of Veterans Affairs to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue

to affect Jones's, or any other person based on race, sex, age or disability under federal antidiscrimination laws, including the enjoyment of his rights as a citizen;

(d) Directing the Secretary of Veterans Affairs to take steps to make Jones whole for all losses whether monetary or otherwise, including back wages, reinstatement, front pay, and fringe benefits;

(e) Awarding Jones compensatory and punitive damages for the injuries suffered as a result of the Secretary of Veterans Affairs' violations of Jones' rights;

(f) Awarding Jones the costs of this action together with reasonable attorney's fees, as provided by Title VII, Section 1981, the ADEA and the ADA;

(g) Directing the Secretary of Veterans Affairs to pay Jones prejudgment and post-judgment interest on all sums recovered; and

(h) Granting such other and further relief as the Court deems necessary and proper.

DEMAND FOR JURY TRIAL

Jones, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demands a trial by jury in this action.

__/Bobby A Potters_____
Bobby A Potters #6347-49
Attorney at Law

Attorney for Eric D Jones

3272 Hooker Street
Plainfield, IN 46168
Telephone: 317-926-1028
bpotters@tds.net