UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC CHEVELLE JONES )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SECRETARY, DEPARTMENT OF )<br>VETERANS AFFAIRS, DENIS )<br>MCDONOUGH )<br>)<br>    Defendant. )<br>) | CASE NO.1:21 CV 0126 HAB-SLC |

**OPINION AND ORDER**

"Make the most of the Indian Hemp seed and sow it everywhere." – George Washington

Plaintiff Eric Chevelle Jones (Jones) did just that. He sowed the seed (or at least smoked it) while on the job at the Department of Veterans Affairs (VA) in violation of the VA's Drug Free Federal Workplace policy and was terminated. Jones filed suit against the VA asserting that his termination violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112(a), the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. § 1981. Before the Court is the VA's Motion to Dismiss or, in the Alternative, for Summary Judgement (ECF No. 6). The parties have fully briefed the motion, (ECF Nos. 7, 17–18), making it ripe for consideration. For the reasons below, the Motion will be GRANTED.

    I. *Factual Background*

Jones is an African American male over the age of forty (40) and a veteran of the United States Army. (Compl., ECF No. 1, ¶ 6). Beginning in March 2014, the VA employed Jones part-

time as a food service worker at the Veterans Affairs Northern Indiana Health Care System (VANIHCS), in Marion, Indiana.

After he began his employment with the VA, Jones was diagnosed with primary progressive multiple sclerosis, which causes him to experience severe and continuous muscle contractions, muscle spasms, and difficulty walking. (Compl. ¶ 10).[1] To treat his symptoms, Jones unabashedly admits in the Complaint that he self-medicated with "occasional use" of marijuana. (*Id*.).

Police received a report that a VA employee was hotboxing[2] in his vehicle in the VA employee parking lot. (Final Agency Decision, ECF Nos. 7-1 and 17-2 at p. 2)[3]. Turns out, that employee was Jones. Police located a bag of marijuana and a partially burned marijuana cigarette in the vehicle. Four days later, Jones was drug tested and tested positive for THCA. He admitted to smoking marijuana. (*Id.*).

On October 25, 2019, the VA issued Jones a proposed removal notice citing his possession of marijuana on VA premises and his failure to pass a reasonable suspicion drug test as grounds for removal. (Compl. ¶ 11; Final Agency Decision at p. 3). Before receiving the above disciplinary notice, Jones had never been disciplined while employed by the VA. (Compl. ¶11). He claims that his marijuana use did not affect his ability to do his job.

---

[1] The Complaint does not assert that the VA was aware of this diagnosis.

[2] "Hotboxing" is slang for smoking marijuana or hashish in a small enclosed area, causing it to fill with smoke in order to maximize the effect. Hotbox - Wikipedia

[3] The Court takes judicial notice of the administrative record and the facts contained in it. *Davis v. Potter,* 301 F.Supp.2d 850, 856 (N.D.Ill. 2004) ("[C]ourts may take judicial notice of the record of an administrative proceeding.") (citing *Fornalik v. Perryman,* 223 F.3d 523, 529 (7th Cir. 2000). Both parties have attached the administrative record as part of their briefs.

On October 31, 2019, Jones met with the Executive Director of VANIHCS about the proposed removal notice. Jones advised the Director that he had reached out to the VA's Employee Assistance Program ("EAP") for rehabilitative services related to his drug use. (Compl. ¶12; Final Agency Decision at p. 3). Jones indicated he was scheduled to start services beginning November 8, 2019. (*Id.*). On November 4, 2019, the VA issued a Decision on Removal upholding the proposed removal effective November 13, 2019. Jones official personnel record shows he was terminated for "unacceptable conduct."

Jones challenged his termination by filing a discrimination complaint with the VA's Equal Employment Opportunity ("EEO") office and was assigned an EEO counselor. (ECF No. 17-1). On January 29, 2020, the Department of Veterans Affairs Office of Resolution Management (ORM) notified Jones of the closure of informal proceedings and his options going forward. Jones opted to file a formal Complaint of Discrimination with the ORM on February 14, 2020. (ECF No. 17-2). Because Jones' complaint was considered a "mixed case" complaint,[4] it was referred to the VA's Office of Employment Discrimination (OED) for issuance of a final decision. (ECF No. 17-3). The OED rendered its final decision on September 1, 2020, finding no discrimination. On September 22, 2020, Jones appealed this decision to the MSPB. On October 20, 2020, the MSPB dismissed Jones' appeal as untimely and found that it lacked jurisdiction over his appeal. (ECF No. 17-6). Jones then filed an appeal with the EEOC Office of Federal Operations on December 21, 2020. (ECF No. 17-7). The EEOC likewise denied Jones' petition for review concluding that it has no jurisdiction to consider MSPB procedural dismissals and the MSPB did not address the

---

[4] A "mixed case" complaint is an administrative complaint alleging prohibited discrimination related to or stemming from an action that can be appealed to the Merit Services Protection Board (MSPB). *See* 5 U.S.C. § 7702(a)(2). Termination is one such action.

merits of Jones' discrimination claims. (ECF No. 17-8). Jones later filed suit in this Court asserting a multitude of discrimination claims.

## II. Standard of Review

The VA has moved to dismiss certain claims brought by Jones asserting that they are not viable against the federal government. As for the remaining claims, the VA seeks summary judgment contending that Jones failed to exhaust his administrative remedies prior to suing.

### a. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The allegations, however, must "give the defendant fair notice of what the...claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### b. Summary Judgment Standards

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion and identifying those portions of designated evidence that show the lack of a genuine issue

of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

### III. Legal Analysis

#### a. Plaintiff's claims under 42 U.S.C. §1981 and the ADA against a federal agency fail as a matter of law

The VA contends that Jones' claims of race discrimination under 42 U.S.C. §1981 and his claim for disability discrimination under the ADA cannot be maintained against the federal government. This is correct. As for claims under § 1981, Jones acknowledges the United States and its agencies are immune from suit absent a specific waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). He also concedes that the United States has not waived its sovereign immunity for claims under § 1981 and cannot be sued under that statute. Thus, Jones has agreed to dismissal of this claim.

5

Jones' claim for disability discrimination under the ADA fares no better. An ADA claim cannot be maintained against the VA since the VA is not included in the ADA's definition of "employer." 42 U.S.C. § 12111 (5)(B)(i); *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). Instead, Jones' claim arises under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, which governs claims of disability-based discrimination against federal government employers. *Id.* Thus if Jones intended to assert a claim under the Rehabilitation Act rather than the ADA, the Court permits the Complaint to be construed as asserting such a claim.

### b. Plaintiff failed to Exhaust his Administrative Remedies and the Court lacks jurisdiction to hear his discrimination claims.

None of the above matters, however, because Jones' suit cannot be adjudicated in this court. Federal employees asserting discrimination claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 832 (1976). The requirements for processing federal employee discrimination claims are complex and merit careful attention by a claimant. Generally, the employee must seek relief from the EEO department of the employing agency. In some cases, federal employees affected by adverse employment actions may instead assert their related discrimination claims in connection with an appeal to the MSPB, an independent, quasi-judicial federal administrative agency established to review civil service decisions. *See* 5 U.S.C. § 7701. These are considered "mixed cases" and are governed by specific procedures outlined in 5 U.S.C. § 7702. The statute describes the preconditions for filing a federal lawsuit in mixed cases.

A comprehensive statutory and regulatory scheme governs the processing of mixed cases. *See* 5 U.S.C. § 7702; 29 C.F.R. §§ 1613.401–1613.421; 5 C.F.R. §§ 1201.151–1201.175. A mixed case may be filed as a complaint with the agency's EEO department or as an appeal to the MSPB, but not both. 5 U.S.C. § 7702; 29 C.F.R. § 1613.403. Either agency is authorized, and

required, to address both the discrimination issues and the civil service issues that arise in a mixed case. 5 U.S.C. § 7702(a). Jones' case began as a mixed case complaint filed with the VA's EEO department. After receiving an adverse decision on his complaint, Jones appealed to the MSPB. The MSPB dismissed his appeal for lack of jurisdiction.

Congress has identified specific circumstances under which a federal employee pursuing a mixed case can seek judicial review of an administrative decision or initiate a civil action based on the issues raised in the administrative proceeding. 5 U.S.C. § 7702. Employees pursuing relief though an EEO mixed case complaint may, within 30 days of a final decision by the agency, file a civil discrimination action in federal district court or an appeal with the MSPB, but not both. 5 U.S.C. § 7702(e)(1)(a); 29 C.F.R. 1613.421(g). A civil discrimination action may be filed within 30 days of a final decision by the MSPB if the employee has not petitioned for EEOC review of the decision. 5 U.S.C. §§ 7702(e)(1)(B), 7703(2).

This is where, the VA contends, Jones' administrative process went awry and, unfortunately for Jones, the VA is correct. Once the final agency decision was issued, Jones could file either a civil action in federal district court or an appeal of the decision to the MSPB. Jones chose the route of an appeal to the MSPB. In turn, the MSPB failed to address the merits of the appeal because it determined the appeal was untimely.[5] Jones appealed to the EEOC who also determined that it lacked jurisdiction to hear a decision that failed to address the merits.

The problem for Jones is this: once the MSPB dismissed the mixed appeal without a ruling on the merits, neither the EEOC nor this Court have jurisdiction to consider the appeal. Jurisdiction lies in the Federal Circuit. *See McCarthy v. Vilsack*, 322 F. App'x 456, 457–58 (7th Cir. 2009)

---

[5] Citing a conflict between a regulation and a statute, the ALJ determined that Jones should have filed his appeal within 10 days under 38 U.S.C. §714, rather than within 30 days as provided in 5 C.F.R. 1201.22, and thus it had no jurisdiction to hear the merits. Whether this ruling was correct is not before this Court. Rather, the jurisdictional determination was required to be appealed to the Federal Circuit.

("If, however, the MSPB dismisses the mixed appeal on the ground that the personnel action is not one within its purview, then the employee's only recourse is to appeal to the Federal Circuit."); *see also* 5 U.S.C. § 7703(b)(1); 28 U.S.C.A. § 1295(a)(9). Indeed, "the EEOC cannot review an MSPB decision that doesn't resolve the merits of an employee's claim of unlawful discrimination, nor can the employee file a civil complaint in district court; the discrimination claim will be extinguished unless the Federal Circuit reverses the MSPB's jurisdictional dismissal." *McCarthy*, 322 F. App'x. at 458. Jones was required to appeal the MSPB's jurisdictional dismissal to the Federal Circuit. He did not do so and that leaves his administrative remedies unexhausted and the authority of this Court lacking. Accordingly, the VA is entitled to summary judgment on its claim that Jones failed to exhaust his administrative remedies.

## **CONCLUSION**

For the reasons above, the VA's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 6) is GRANTED. The Clerk is DIRECTED to enter judgment for the VA.

SO ORDERED on January 18, 2022.

                                             s/ Holly A. Brady  
                                             JUDGE HOLLY A. BRADY  
                                             UNITED STATES DISTRICT COURT